**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARRYL J. BRAZILL,

        Plaintiff - Appellant,

v.

DEPARTMENT OF VETERAN
AFFAIRS,

        Defendant - Appellee,

and

U.S. ATTORNEY GENERAL,
Department of Justice;
U.S. ATTORNEY,

        Defendants.

No. 01-3109
(D.C. No. 98-CV-2001-GTV)
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Darryl J. Brazill appeals the district court's grant of summary judgment in favor of her former employer, the Department of Veteran Affairs (VA). Because plaintiff has not shown the existence of a genuine factual dispute or that the district court committed a legal error, we affirm. [1]

Plaintiff, an African-American female, was employed by the VA as a nurse from March 18, 1995, until her termination on March 19, 1996. During the year, plaintiff was involved in numerous controversies concerning her training, lab and medication mistakes, friction with coworkers, questions over leave, improper computer access to another employee's file, and her inability to work in a stressful environment. In February 1996, a Nursing Professional Standards Board unanimously recommended terminating plaintiff from her probationary position based on her conduct at work, her several episodes of professional incompetence,

---

[1] We begin by noting our jurisdiction over this appeal. On June 19, 2002, we issued an order to show cause why the case should not be dismissed for lack of a final order. Based on the parties' responses, we conclude that plaintiff's amended complaint abandoned any purported claims against the "U.S. Attorney General" and the "U.S. Attorney," and thus the district court's order was final as to all parties.

her lack of judgment, her inability to get along with coworkers, and her threats toward her supervisor. *See* R. Vol. IV, doc. 104, ex. 11 at 2. On March 19, plaintiff was terminated on these grounds.

During her employment, plaintiff filed two Equal Employment Opportunity (EEO) complaints, alleging that she was treated poorly and not promoted to a Telephone Triage Nurse position because of her race and gender, and that she was being retaliated against because she had filed a prior EEO complaint. After her March 1996 dismissal, plaintiff filed a third EEO complaint alleging she was terminated based on race and in retaliation for filing previous EEO complaints.

Plaintiff brought this federal action against the VA, alleging that the agency discriminated against her based on race and gender and retaliated against her for filing EEO complaints, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. After months of discovery, the district court granted the VA's motion for summary judgment on the following grounds: (1) plaintiff had not exhausted her remedies on two of her failure-to-promote claims; (2) plaintiff did not make a prima facie case that she was qualified for the Telephone Triage Nurse position because she did not have the five years of experience identified in the vacancy announcement; (3) even if plaintiff made a prima facie case, she failed to show that the VA's proffered reason for its decision was pretextual; (4) plaintiff lacked evidence that she was not promoted

in retaliation for filing an EEO complaint; (5) plaintiff failed to show that she was subjected to "adverse employment actions" within Title VII's protection; (6) plaintiff failed to make a prima facie case of discriminatory discharge because her only evidence was her own conclusory evaluation of her performance; and (7) plaintiff failed to show retaliatory discharge because she failed to show the VA's proffered reliance on the Nursing Board's recommendation was pretextual. *See Brazill v. Gober*, No. CIV.A. 98-2001-GTV, 2001 WL 135833 (D. Kan. Feb. 14, 2001).

Plaintiff appeals this decision, appearing pro se.[2] We review *de novo* the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, where the nonmoving party bears the burden of proof on an element essential to her case, the failure to designate specific facts sufficient to show the existence of the essential element entitles the moving party to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

---

[2] Plaintiff was represented in the district court by two different appointed counsel until each moved to withdraw. Plaintiff represents herself on appeal.

On appeal, we examine whether plaintiff's evidence was sufficient under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *McKnight*, 149 F.3d at 1128 (describing analysis used in discrimination cases). Because the VA has proffered legitimate reasons for all of its decisions, we presume that plaintiff made a prima facie case on her claims and examine whether her evidence was sufficient to show that the VA's reasons were pretexts for discrimination. *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1260 (10th Cir. 2001) ("[W]hen a defendant articulates a reason for terminating the plaintiff's employment, establishing a prima facie case is not sufficient to avoid summary judgment. Instead, the plaintiff must offer evidence that the defendant's reason is a pretext for discrimination.").

Plaintiff's brief does not identify specific evidence supporting her claim that the VA was motivated by racial and gender animus, arguing instead that the facts relied upon by the VA were lies perpetrated by coworkers to get rid of her. The relevant inquiry, however, is whether the VA honestly believed the complaints against plaintiff and acted in good faith upon those beliefs. *Id.* at 1261; *McKnight*, 149 F.3d at 1129. We examine the facts as they appeared to the persons making the employment decision. *Selenke*, 248 F.3d at 1261. We cannot second-guess the business judgment of the VA or question whether its decisions were fair, wise, or even correct. *Id*.

Title VII protects against discrimination based on a forbidden characteristic such as race or gender, but not personality. *See id.* Here, there simply is no evidence that the VA's actions were motivated by discriminatory animus, and, in fact, plaintiff's brief acknowledges that her claims rest on speculation. *See* Aplt. Br. at 5 (stating that her coworkers "wanted me out. The only reasons I can conclude are due to my race, sex, and educational level."). The district court did not err, then, in granting judgment on plaintiff's race and gender discrimination claims.

Plaintiff also has not pointed to evidence that the VA acted in retaliation for her previously filed EEO complaints. Absent evidence of a causal connection between the EEO filings and her lack of promotion and termination, plaintiff did not raise a triable issue regarding retaliation. *See Selenke*, 248 F.3d at 1266 (affirming summary judgment when plaintiff failed to offer sufficient evidence to permit a finding of a causal connection between plaintiff's protected activity and defendant's adverse employment decisions).

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-6-